## Pennsylvania Associated Builders and Contractors, Inc. Appeal

*Thomas E. Waters, Jr.*, for appellant.

*Jerome H. Gerber, Norman I. White* and *J. Thomas Menaker*, for intevenors.

MANDERINO, J., September 8, 1970.—This is an appeal from a decision of the Pennsylvania Prevailing Wage Appeals Board (board) entered on April 30, 1970, sustaining an April 10, 1970, decision of the Secretary of Labor and Industry (secretary), which established minimum wage rates to be paid under the law in the construction of a school in Franklin County, Pa., by the Chambersburg Area School Authority (authority).

Under the Pennsylvania Prevailing Wage Act of August 15, 1961, P. L. 987, as amended, 43 PS §165-1, et seq., as amended, successful bidders on public works are required to pay the general prevailing minimum wage rates as determined by the secretary. On February 18, 1970, the secretary issued Wage Predetermination 15883(16) establishing the prevailing minimum wage rates which were to be paid by successful bidder in constructing the new school for the authority. The Pennsylvania Associated Builders and Contractors, Inc., challenged the validity of the determined wage rates.

As required by law, a hearing was, therefore, held on April 2, 1970, and a recommendation made on April 9, 1970, by the hearing examiner, upholding the original decision establishing the minimum prevailing wage rates. On April 10, 1970, the secretary, after reviewing the recommendations of the hearing examiner, entered a decision approving the original prevailing minimum wage rates. An appeal was taken from the secretary's decision of April 10, 1970, to the

Pennsylvania Prevailing Wage Rate Appeals Board. On April 30, 1970, the April 10, 1970, decision of the secretary was affirmed by the board.

This appeal is taken by the Pennsylvania Associated Builders and Contractors, Inc., from the decision of the Pennsylvania Prevailing Wage Board. This court allowed intervention by the Pennsylvania Building and Construction Trade Council AFL-CIO, the Mechanical Contractors Association of Central Pennsylvania, Keystone Builders-Contractors Association, Penn-Del Jersey Chapters of National Electric Contractors Association, Inc., and the Pennsylvania State Council of General Contractors, Incorporated.

Appellant claims that the board should not have upheld the secretary's decision and raises various issues.

It is important to point out, because of the issues raised by appellant, that the secretary made two "decisions." The first decision establishing the prevailing minimum wage rates for Franklin County was made on February 18, 1970, in Wage Predetermination 15883(16).

This first decision was made under the law without any formal hearing or specific notices to anyone. The secretary is allowed to issue this first decision after gathering information about prevailing wage rates in a given locality from various sources.

After the secretary's first decision, the law permits challenges and then requires the secretary to conduct a hearing with proper notice and opportunity to be heard. The secretary did this before arriving at his second decision on April 10, 1970. Most of the arguments presented by appellant appeared to challenge the February 18, 1970, decision of the secretary, ignoring the hearing held before

the April 10, 1970, decision. The situation is not identical but is somewhat analogous to a judge who grants a new trial after having made a decision at the first trial. The appeal is from the decision at the second trial and not the first trial, and errors in the first trial are moot unless, of course, not cured in the second trial.

Appellant argues that the secretary considered only rates written into union contracts and not wage rates actually paid for work performed by persons in Franklin County. This may or may not have been true as to the secretary's decision of February 18th. We need not consider that question, because it is clear from the record that it is not true as to the secretary's second decision of April 10, 1970. Before that decision, the record clearly discloses substantial evidence of actual wage payments involving millions of dollars of construction in Franklin County and this evidence clearly supports the secretary's decision. Indeed, appellant did not dispute the evidence that millions of dollars of relevant construction actually took place in Franklin County on which wage rates were paid which would support the secretary's decision.

Appellant complains that a wage survey, conducted by appellant, was not properly considered. The hearing examiner's report clearly indicates it was considered, but given very little weight because there was no evidence as to whether the type of construction covered by the survey was relevant under the law or what dollar volume of the construction covered was for work in Franklin County.

Appellant also argued that the evidence of existing collective bargaining agreements in Franklin County should not have been considered, because the same

agreements are in effect in 32 other counties. The argument answers itself.

The question before this court is not whether this court would have arrived at the same decision as the secretary but rather whether as a matter of law the secretary had before him substantial evidence to support his decision. The record answers the question affirmatively.

Appellant has also raised constitutional arguments under the due process and equal protection clauses. These arguments, however, are all made on the basis of the secretary's original decision of February 18, 1970, and cannot possibly apply to the secretary's decision of April 10, 1970. The arguments rest on the claim that the decision made by the secretary considered exclusively union collective bargaining agreements and nothing else. This was not the case clearly as to the secretary's decision of April 10, 1970.

Any such defect was cured by the record made between the first decision and the second decision of the secretary. The entire administrative appeals procedure within the Department of Labor and Industry would be useless and futile if we were to ignore what happened at the hearing before the decision of April 10, 1970.

For the reasons stated, the decision of the Pennsylvania Prevailing Wage Appeals Board must be affirmed.

Accordingly, we make the following

ORDER

And now, September 8, 1970, the decision of the Pennsylvania Prevailing Wage Appeals Board is affirmed and the appeal is dismissed at the cost of appellant.